**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Kameisha Rashford, | ) | Case No. 2:24-cv-04429-BHH-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Merrick B. Garland, | ) | |
| *Attorney General of the United States*; | ) | |
| Ur Mendoza Jaddou, *Director of the* | ) | |
| *U.S. Citizenship and Immigration Services*; | ) | |
| and Alejandro Mayorkas, *Secretary of the* | ) | |
| *Department of Homeland Security*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Kameisha Rashford ("Plaintiff"), proceeding *pro se*, brings this civil action seeking to compel adjudication of her pending Application to Register Permanent Residence or Adjust Status. (Dkt. No. 1.) Under Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that this action be summarily dismissed without leave to amend.

**BACKGROUND**

Plaintiff is a native and citizen of Jamaica, but presently resides in Goose Creek, South Carolina. (Dkt. No. 1 at 2.) On December 13, 2021, Plaintiff and her spouse, a United States citizen, filed a Petition for Alien Relative ("Form I-130") and an Application to Register Permanent Residence or Adjust Status ("Form I-485") with United States Citizenship and Immigration Services ("USCIS"). (*Id.* at 2; *see also* Dkt. Nos. 1-1, 1-2.) Plaintiff then "completed

her biometrics appointment in February 2022 and has since awaited USCIS to schedule an interview or make a decision on her case." (Dkt. No. 1 at 2.)

On January 4, 2023, Plaintiff submitted an inquiry to USCIS "due to [her] case [being] outside of normal processing time."[1] (Dkt. No. 1 at 3; *see also* Dkt. No. 1-3.) USCIS responded that Plaintiff's case was "awaiting an interview," and that her "local USCIS Field Office [would] contact her once they [were] able to schedule the appointment." (Dkt. No. 1-3.) On June 14, 2023, Plaintiff submitted a second inquiry and "was informed by USCIS that there [was] an anticipated delay of approximately six (6) months due to workload factors." (Dkt. No. 1 at 3; *see also* Dkt. No. 1-4.)

On January 11, 2024, "with no scheduled interview or decision," Plaintiff sent a notice to Congresswoman Nancy Mace, stating that "the prolonged delay in [the] processing of her application to adjust status [had] significantly hindered her ability to travel internationally" for her PhD program. (Dkt. No. 1 at 3; *see also* Dkt. No. 1-5.) The delay also caused "the expiration of Plaintiff's two-year work permit." (Dkt. No. 1 at 4; *see also* Dkt. No. 1-5.) In response to the congressional inquiry, USCIS confirmed that Plaintiff's case was "in queue to be scheduled for an eligibility interview," but recommended that Plaintiff "apply for a new Employment Authorization Card and Advance Parole Combo Card" so that she could work and travel outside of the United States "for short trips" in the meantime. (Dkt. No. 1-6.) Per the agency's advice, Plaintiff applied for the Employment Authorization Card and Advance Parole Combo Card on February 7, 2024. (Dkt. No. 1 at 4.)

On March 23, 2024, Plaintiff submitted a third inquiry regarding the status of her application. (Dkt. No. 1 at 4.) In its response, USCIS stated that the agency was "experiencing a

---

[1]     The Complaint states that under 8 U.S.C. § 1571(b), an immigration benefit application should ideally be completed no later than 180 days after the initial filing of the application. (Dkt. No. 1 at 2.)

high volume of applications" and that Plaintiff's "case [was] awaiting review." (Dkt. No. 1-7.)

USCIS noted that "processing times [were] estimates and . . . not a guarantee that applications

[would] be processed within a specific timeframe." (*Id.*) However, the agency "assure[d]" Plaintiff

that it was "working to complete the adjudication of [her] application as quickly as available

resources allow[ed]." (*Id.*) On August 1, 2024, Plaintiff filed another inquiry and was advised to

contact USCIS "if no notice was received within 90 days." (Dkt. No. 1 at 4; *see also* Dkt. No. 1-

8.) Several days later, USCIS approved Plaintiff's applications for a temporary "travel document

and work permit," although her "application to adjust status remain[ed] unprocessed." (Dkt. No. 1

at 4.)

Based on the above, Plaintiff brings this civil action seeking to "compel the Defendants

and those acting under them to take all appropriate action to adjudicate [her] long-pending

Applications to Register Permanent Residence without further delay." (*Id.*) More specifically, the

Complaint contends that Defendants' failure to adjudicate Plaintiff's Form I-485 "within a

reasonable time . . . warrants the issuance of a Writ of Mandamus pursuant to 28 U.S.C. § 1361."

(*Id.* at 5.) The Complaint further states that "[u]nder the Administrative Procedure Act (APA), 5

U.S.C. § 555(b), federal agencies are required to conclude matters presented to them within a

reasonable time," and Defendants' "prolonged delay in adjudicating [Plaintiff's] application [has]

violate[d] this statutory obligation." (*Id.*)

## LEGAL STANDARD

The court possesses the inherent authority to review a *pro se* complaint to ensure that the

plaintiff has standing, that federal jurisdiction exists, and that the case is not frivolous, even where

the plaintiff has paid the filing fee. *See Hamilton v. United States*, No. 2:20-cv-1666-RMG-MHC,

2020 WL 7001153, at *1 (D.S.C. Aug. 26, 2020) ("It is well established that a court has broad

inherent power *sua sponte* to dismiss an action, or part of an action, which is frivolous, vexatious, or brought in bad faith.") (internal citations omitted), *adopted*, 2020 WL 5939235 (D.S.C. Oct. 7, 2020); *see also Harley v. United States*, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004) (noting that the court must consider whether the complaint asserts a plainly meritless legal theory or alleges clearly unbelievable facts); *Ross v. Baron*, 493 F. App'x. 405, 406 (4th Cir. 2012) (per curiam).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for all civil actions). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1276, 1278 (4th Cir. 1985) (noting that district judges "cannot be expected to construct full blown claims" on behalf of *pro se* litigants).

## DISCUSSION

Federal courts are courts of limited jurisdiction, meaning they possess only that power authorized by Article III of the United States Constitution and affirmatively granted by federal statute. *Willy v. Coastal Corp.,* 503 U.S. 131, 136–37 (1992). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the

action if no such ground appears." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his or her pleadings. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

There are two primary bases for exercising original federal jurisdiction: (1) "federal question" under 28 U.S.C. § 1331, and (2) "diversity of citizenship" under 28 U.S.C. § 1332. To establish federal question jurisdiction, the plaintiff must assert a cause of action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Burgess v. Charlottesville Savings and Loan Assoc.*, 477 F.2d 40, 43 (4th Cir. 1973) ("[T]he complaint must . . . contain allegations affirmatively and distinctly establishing federal grounds not in mere form, but in substance and not in mere assertion, but in essence and effect.") (internal quotation marks and citations omitted). In the instant case, the Complaint attempts to invoke federal question jurisdiction, as well as jurisdiction under the Mandamus Act, 28 U.S.C. § 1361; the Administrative Procedure Act ("APA"), 5 U.S.C. § 701; and the Declaratory Judgment Act, 28 U.S.C. § 2201. (Dkt. No. 1 at 2.) Unfortunately, none of these jurisdictional bases allow the Court to entertain Plaintiff's claims, as 8 U.S.C. § 1252(a)(2)(B)(ii) expressly divests this Court of subject matter jurisdiction.

Indeed, the Immigration and Nationality Act authorizes the Attorney General to adjust to permanent residence status certain aliens who have been admitted into the United States at his "discretion" and under regulations as he may prescribe. 8 U.S.C. § 1255(a). Notably, § 1252(a)(2)(B)(ii) provides that "no court shall have jurisdiction to review" any discretionary "decision or action" made by the Attorney General or Secretary of Homeland Security in relation

5

to certain immigration issues, including the "adjustment of an alien's status." *See Zhang v. Chertoff,* 491 F. Supp. 2d 590, 591–92 (W.D. Va. 2007) (referencing 8 U.S.C. §§ 1255(a), 1252(a)(2)(B)(ii)). To that end, courts have generally interpreted § 1252(a)(2)(B)(ii) as precluding judicial review of the entire application process, including its pace.[2] *See Chen v. Mayorkas*, No. 8:23-cv-315-HMH-JDA, 2023 WL 2313633, at *3 (D.S.C. Feb. 3, 2023) (finding that § 1252(a)(2)(B)(ii) "precludes judicial review of any 'action' . . . included within the ongoing adjudication process and the pace at which that action proceeds"), *adopted*, 2023 WL 2308513 (D.S.C. Mar. 1, 2023); *Patel v. Gonzales*, 8:07-cv-1625-DKC, 2008 WL 11509689, at *3 (D. Md. Mar. 31, 2008) (holding that § 1252(a)(2)(B)(ii) "effectively divests th[e] court of jurisdiction to review the pace at which USCIS adjudicates [Form I-485] claims"); *see also Goumilevski v. Chertoff*, No. 8:06-cv-3247-DKC, 2007 WL 5986612, at *4–5 (D. Md. July 27, 2007) (noting that the Attorney General does not owe a clear "nondiscretionary" legal duty to process an adjustment of status application at any particular pace or speed). Consequently, in evaluating claims similar to those in the present case, this Court has previously held that § 1252(a)(2)(B)(ii) disposes of such matters on jurisdictional grounds. *See Chen*, 2023 WL 2313633, at *3; *see also Safadi v. Howard*, 466 F. Supp. 2d 696, 700 (E.D. Va. 2006).

It is worth noting, however, that Plaintiff's reliance on the Mandamus Act and APA do not restore subject matter jurisdiction here. The Mandamus Act provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

---

[2]     Although there are some outlying cases that have found subject matter jurisdiction despite § 1252, *see Aslam v. Mukasey*, 531 F. Supp. 2d 736, 740 (E.D. Va. 2008), this Court has generally adopted the sound reasoning of the cases cited herein. *See Chen v. Mayorkas*, No. 8:23-cv-315-HMH-JDA, 2023 WL 2313633, at *3 n.2 (D.S.C. Feb. 3, 2023) (finding that jurisdiction is precluded under § 1252(a)(2)(B)(ii)), *adopted*, 2023 WL 2308513 (D.S.C. Mar. 1, 2023).

Nevertheless, mandamus cannot be used to compel the performance of discretionary duties of federal government officers, but will lie only to compel ministerial acts. *Plato v. Roudebush*, 397 F. Supp. 1295, 1304–05 (D. Md. 1975). A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. *See Garcia v. United States Att'y Gen.*, No. 8:23-cv-3501-JFA-JDA, 2023 WL 7224436, at *2 (D.S.C. Aug. 1, 2023) (referencing *Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984)), *adopted*, 2023 WL 6619424 (D.S.C. Oct. 11, 2023), *appeal dismissed*, No. 23-7112, 2024 WL 1926204 (4th Cir. Feb. 23, 2024). Relatedly, the APA permits a court to compel agency action only when the agency has failed to take a discrete, non-discretionary action that it is required by law to take. *See Gonzalez v. Cuccinelli*, 985 F.3d 357, 366 (4th Cir. 2021) ("[W]here an agency is *not required* to do something, we cannot compel the agency to act—let alone to act faster.") (emphasis in original); *see also* 5 U.S.C. § 701(a) (stating that this chapter does not apply to "agency action that is committed to agency discretion by law").

As discussed above, while USCIS may have a non-discretionary duty to adjudicate an application for permanent residence status, the pace of processing that application is generally considered to be discretionary. For that reason, the Mandamus Act and APA do not allow this Court to compel agency action in response to Plaintiff's claims of unreasonable delay.[3] *See, e.g.*, *Shalev v. Gonzales*, 8:07-cv-256-PJM, 2007 WL 9782605, at *1 (D. Md. Sept. 24, 2007) ("A district court is precluded from exercising jurisdiction to compel USCIS to adjudicate the I-485 application under the mandamus statute, the [APA], or the Declaratory Judgment Act."); *Safadi*, 466 F. Supp. 2d at 700 (finding that citations to Mandamus Act and APA could not establish

---

[3]    Section 1252(a)(2)(B) specifically precludes judicial review "notwithstanding" 28 U.S.C. § 1361, or "any other provision of law." 8 U.S.C. § 1252(a)(2)(B); *see also* 5 U.S.C. § 701(a)(2) (providing that the APA also does not apply where "statutes preclude judicial review").

subject matter jurisdiction because USCIS does not owe a "clear nondiscretionary duty" to process an adjustment of status application "at any particular pace or speed").

## CONCLUSION

Based on the above, the undersigned is of the opinion that Plaintiff cannot cure the deficiencies in her Complaint through amendment. The undersigned therefore **RECOMMENDS** that the Court decline to give Plaintiff leave to amend her Complaint and **DISMISS** this action without prejudice and without issuance and service of process.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

September 17, 2024
Charleston, South Carolina

Plaintiff's attention is directed to the **important notice** on the next page.

8